59 F.3d 167
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 Maryam T-ZIKSSARI, Plaintiff-Appellant,
v.
Parris N. GLENDENING, County Executive, Prince George's
County; David B. Mitchell, Chief of Police, Prince George's
County Police Department; C. Ellerbee, Officer; M. Eubank,
Corporal; Jeffrey Mitchell, Officer; John Doe, Officer;
Prince George's County, Maryland, Defendants-Appellees.
 No. 93-1840.
 United States Court of Appeals, Fourth Circuit.
 Argued Feb. 10, 1994.
Decided June 21, 1995.
 
 ARGUED: Warren Gary Kohlman, Kohlman, Rochon & Roberts, Washington, D.C., for Appellant.
 Sean Daniel Wallace, Principal Associate County Attorney, Upper Marlboro, Maryland, for Appellees.
 ON BRIEF: Michael P. Whalen, County Attorney, Michael O. Connaughton, Deputy County Attorney, Upper Marlboro, Maryland, for Appellees.
 Before WIDENER and MICHAEL, Circuit Judges, and MERHIGE, Senior United States District Judge for the Eastern District of Virginia, sitting by designation.
 OPINION
 WIDENER, Circuit Judge:
 
 
 1
 Appellant Maryam T-Zikssari appeals from an order dismissing her case with prejudice under Rule 37(d) and 37(b)(2)(C) for failure to provide discovery. Because we find that the failure to respond to discovery did not warrant the harsh sanction of dismissal with prejudice under the facts of this case, we vacate the district court's June 9, 1993 order and remand for proceedings consistent with this opinion.
 
 I.
 
 2
 On October 1, 1991 plaintiff's complaint was removed to the United States District Court in Baltimore[1] alleging that her civil rights were violated by several Prince George's County police officers. With permission of the court, an amended complaint was filed on December 20, 1991.[2] For the next eight months plaintiff experienced severe inadequacies with three different attorneys; it seems none of them could complete the task of serving the defendants.[3] Four months after filing the amended complaint, none of the defendants had been served, and on April 30, 1992 the court sent plaintiff a letter advising her that the case would be dismissed for want of prosecution under Rule 4(j) (now 4(m)) unless good cause was shown. On May 15, 1992, no steps having been taken to effect service or answer the court's show cause letter, the court granted plaintiff's motion that her attorney be withdrawn[4] and two new attorneys entered their appearances for her. Two of the defendants (Prince George's County and David Mitchell) were then served. Upon the prompting of another Rule 4 show cause letter on June 24, 1992, stating that the case would be dismissed as to the remaining unserved defendants, her new attorneys obtained a 60-day extension.[5] No further steps having been taken to effect service, and irreconcilable differences having arisen with at least one of them, plaintiff again moved the court to withdraw her attorneys. Her motion was granted on August 31, 1992. Acting pro se plaintiff obtained a second extension (until November 27, 1992) and was able to serve the remaining defendants herself.
 
 
 3
 From August 31, 1992 until March 24, 1993, the time when plaintiff was acting pro se, the case continued to move forward. Defendants had served a set of interrogatories and a request for production on June 29, 1992, shortly before her second pair of attorneys were withdrawn, and in early December of 1992 defense counsel telephoned plaintiff to inform her that the discovery responses were long overdue. Plaintiff said that she would try to send the discovery within the next week. A few days later on December 17, 1992, the court issued a scheduling order, setting April 16, 1993 as the discovery deadline. The order also required the parties to file a status report on that date covering, among other things, whether or not discovery had actually been completed. In January 1993 defendants made another telephone call to plaintiff, asking when they might expect discovery responses.
 
 
 4
 Unfortunately, plaintiff did not secure her last and current attorney until March 24, 1993, just three weeks before the discovery deadline. Eighteen days later, on April 14, 1993, her new attorney filed a response to defendants' request for admissions. Because of the volume of documents to be compiled, the attorney was unable to complete the answers to interrogatories and document requests by the April 16 deadline, and he therefore stated in his status report, also filed on that day, that discovery responses would be completed by the next week. Thereafter, counsel states that he experienced difficulty procuring the requested documents and ran into a scheduling conflict with a case that ultimately went to trial in Arizona in early June 1993. Despite his good faith efforts, counsel was unable to complete the discovery within the week as promised.
 
 
 5
 On May 15, 1993 defendants filed a motion for sanctions under Rule 37 stating that discovery was not yet complete and requesting the court to order the sanction of dismissal with prejudice. Plaintiff's attorney tells us that the first weekend in June, he left for a two-month trial in Arizona leaving the completed discovery documents on his desk. Although instructions were left with his office to file the documents, it was not done. As the sanction motion remained unopposed, on June 10, 1993, without a hearing, the district court ordered the case dismissed with prejudice under Rule 37(b)(2)(C) and (d). On June 14, 1993, plaintiff's counsel, while still in Arizona, instructed his office to file a Rule 60 motion to reconsider the dismissal for excusable neglect. He also completed discovery on this date by submitting over 100 pages in answers to the interrogatories and documents. He argued that the untimeliness of discovery responses was due entirely to his late appointment to the case and his neglect of this client because of the other trial going on in Arizona and was not in any way the fault of plaintiff. He suggested the alternative sanction of a monetary fine against himself and an award of costs, which would preserve his client's right to pursue a meritorious claim. The court denied any relief succinctly stating that it found no excusable neglect. This appeal followed.
 
 II.
 
 6
 We are asked on appeal to determine if the district court abused its discretion in ordering dismissal with prejudice as the sanction under Rule 37(d) for plaintiff's failure to respond to a written discovery request, failure to meet the discovery deadline set in the court's scheduling order, and failure to respond to the motion for discovery sanctions.[6] While a district court has discretion in fashioning a discovery sanction under Rule 37(d), this discretion is more narrow when the sanction involved is dismissal with prejudice because the court's interest in judicial administration and enforcement of its orders conflicts with a party's rights to a trial by jury and a fair day in court. Mutual Fed. Sav. & Loan Assn. v. Richards & Assoc., 872 F.2d 88, 92 (4th Cir.1989) (citation omitted). We have set forth a four-part test to balance these competing interests:
 
 
 7
 (1) whether the noncomplying party acted in bad faith;
 
 
 8
 (2) the amount of prejudice the noncompliance caused the adversary, which necessarily includes an inquiry into the materiality of the evidence the party failed to produce;
 
 
 9
 (3) the need for deterring the particular type of noncompliance; and
 
 
 10
 (4) the effectiveness of less drastic sanctions.
 
 
 11
 Mutual Fed. Sav. & Loan Assn., 872 F.2d at 92. We are of opinion that the district court abused its discretion in determining that plaintiff's acts required dismissal with prejudice under the facts of this case.[7] See Wilson v. Volkswagen of Am., Inc., 561 F.2d 494, 506 (4th Cir.1977) (reviewing court should reverse if it has "a definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors"), cert. denied, 434 U.S. 1020 (1978).
 
 
 12
 In construing the first factor we have stated that the extreme sanction of dismissal with prejudice under Rule 37(d) is reserved for "only the most flagrant case, where the party's noncompliance represents bad faith and callous disregard for the authority of the district court and the Rules." Mutual Fed. Sav. & Loan Assn., 872 F.2d at 92. We simply cannot find that the actions of either plaintiff or her attorney rise to the level of bad faith and callous disregard. We first note that there were no court orders compelling discovery in this case. Although defendants may claim on appeal that they were prejudiced by the failure to respond to discovery, no motions to compel discovery were ever made. Nonetheless, the argument goes that dismissal was warranted due to plaintiff's complete failure to provide discovery for almost a year, ignoring of the court-ordered discovery deadline, and violation of the Local Rule 105(2)(a) in failing to answer or oppose the motion for sanctions.
 
 
 13
 Although plaintiff did not answer or file objections to defendants' interrogatories and request for production, merely such inaction should not indicate a blatant disregard for the rules or the court's scheduling order. There is no evidence in the record indicating that plaintiff or her attorneys were attempting to avoid answering defendants' questions or to withhold evidence. Plaintiff, understandably, was unable to respond to the interrogatories herself and was unable to secure another attorney for seven months. Her last attorney, who has openly accepted responsibility for the missed discovery deadline, had only three weeks to review the case and respond to discovery and experienced an unavoidable scheduling conflict with a trial in Arizona. Moreover, he did respond to defendants' request for admissions.[8] He did not ignore the deadline, as defendants assert, but filed a status report, as was required under the scheduling order, stating that he had been unable to complete discovery. While it may have been a violation of Local Rule 105(2)(a) to fail to respond to defendants' motion for sanctions, at oral argument before this court counsel explained that he did not reply because he thought he could repair the matter by completing and forwarding the discovery documents. Although the documents inadvertently were not forwarded by his office on June 7, 1993, he sent them along with his motion to reconsider the dismissal on June 14, 1993. The over 100 pages of answers to interrogatories and documents, completed just three months after his retention, justified his prior allegations of cumbersome documents and problems meeting the court's deadline. While that conduct is not commendable, we cannot say that it demonstrates a "pattern of indifference and disrespect to the authority of the court" which we have previously held to warrant the outright dismissal of a case. See Mutual Fed. Sav. & Loan Assn., 872 F.2d at 93; see also Wilson, 561 F.2d at 499-516.[9]
 
 
 14
 Perhaps because no hearing was held on the motion for sanctions, the court made no findings as to prejudice. Defendants argue that they suffered past prejudice because they were unable to collect evidence, examine witnesses, or proceed with preparation of a defense because they knew nothing about the case against them. The argument goes that at the time sanctions were imposed discovery had been closed, the time for filing motions was up, and the pretrial conference was scheduled for July 16, 1993, less than a month later. Plainly, some of the answers and documents were material because defendants had been given no information up to that point on plaintiff's case against them except for the contents of the complaint and her brief responses to the request for admissions. However, defendants now, albeit late, have over 100 pages in response to interrogatories and request for document production. Because the court did not hold a hearing and because the papers are not in the record, we do not know whether the interrogatories were adequately answered. However, it is too strained to conclude that defendants were so prejudiced as to require an outright dismissal of the case in the face of their own failure to move to compel discovery. We are of opinion that reopening discovery and rescheduling the pretrial conference could have adequately cured any prejudice to the defense.
 
 
 15
 While there is a need to deter failure to comply with voluntary discovery requests due merely to an attorney's busy schedule, no court orders to compel were violated and, indeed, no requests for motions to compel were ever made in this case. We do not suggest that an attorney's time constraints are excusable conduct, but it is noteworthy that the attorney's late employment in this case made it particularly difficult for him to arrange his schedule. A sanction short of outright dismissal should discourage similar conduct in the future.
 
 
 16
 Lastly, we find that less drastic sanctions would be sufficiently effective in deterring any such future disrespect for the judicial process. We have stated that the proper sanction must be no more severe than is necessary to prevent prejudice to the defendants. Wilson, 561 F.2d at 504. In Wilson we noted that a default judgment should normally not be imposed so as to foreclose the merits of controversies as punishment for general misbehavior, save in the rare case in which the conduct represents flagrant bad faith and callous disregard of the party's obligations under the rules. Wilson, 561 F.2d at 504. Because dismissal with prejudice similarly forecloses a litigant's opportunity to have her case heard, dismissal with prejudice should also be a sanction of last resort. The court had available numerous alternative sanctions: it did not consider, if appropriate, compelling by court order discovery compliance and awarding costs and attorneys fees to be paid by plaintiff; or ordering monetary fines for misconduct on the attorney or litigant; or dismissing the case without prejudice; or, at the very least, warning plaintiff that continued noncompliance might result in dismissal of her case; or a combination thereof. On oral argument before this court, her attorney made quite clear his previously stated acceptance of blame for any inadequate performance and willingness to comply with an alternative sanction. We do not feel that dismissal with prejudice is necessary in this case, either to penalize plaintiff or her attorney for their omissions or to deter those who might be tempted to such conduct in the future. See National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639, 643 (1976). In this situation, a sanction more closely tailored to her attorney's openly admitted inadequate performance would be more appropriate than dismissal with prejudice which completely destroys plaintiff's right to her day in court and runs counter to the public policy of deciding cases on their merits. See Wilson, 561 F.2d at 503-04 (citations omitted).
 
 
 17
 While it does not enter into the case in any major way, we note that plaintiff is a native of Iran who is studying nursing in this country. English is not her first language, and she has had some problem with communication along the way which has contributed to her difficulties.
 
 III.
 
 18
 In summary, we are of opinion that the facts of this case did not warrant the harsh sanction of dismissal with prejudice. Thus, the granting of such a dismissal was an abuse of discretion. Accordingly, we vacate the judgment of the district court and remand for the district court to consider alternative sanctions consistent with this opinion.
 
 VACATED AND REMANDED.[10]
 
 
 [1]
 The suit had been originally filed in a Maryland state court
 
 
 [2]
 Plaintiff's amended complaint alleges a federal cause of action for civil rights violations under 42 U.S.C. Sec. 1983 and several state law claims (assault and battery, intentional infliction of emotional distress). Plaintiff alleges that these claims arose out of a traffic stop, ticket, and arrest during which several officers used excessive force causing her physical and emotional harm
 
 
 [3]
 The named defendants in the suit were officers C. Ellerbee, Jeffrey Mitchell, and John Doe, Corporal M. Eubank, Chief of Police David B. Mitchell, and the then County Executive of Prince George's County, Maryland, Parris N. Glendening
 
 
 [4]
 The papers use the word withdraw or withdrawn
 
 
 [5]
 Her new attorneys did not receive the file from her first attorney until June 27, 1992, and thus had been unable to proceed in their representation
 
 
 [6]
 Rule 37(d) provides in pertinent part that:
 If a party ... fails ... (2) to serve answers or objections to interrogatories submitted under Rule 33, after proper service of the interrogatories, or (3) to serve a written response to a request for inspection submitted under Rule 34, after proper service of a request, the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under paragraphs (A), (B), and (C) of subdivision (b)(2) of this rule.
 Fed.R.Civ.P. 37(d).
 
 
 [7]
 It is difficult for us to review the court's application of the factors, if it did in fact consider them at all, because no hearing on the motion for sanctions was held nor is there any memorandum explaining the sanction of dismissal in this case. The only explanation we have is the court's handwritten notation on defendants' motion for sanctions which states that "plaintiff's persistent failure to provide discovery in any meaningful way, the parade of counsel she has engaged, and her failure even to answer this motion all demonstrate that dismissal is the only appropriate sanction to prevent further prejudice to defendants."
 
 
 [8]
 Although defendants now argue that the response to the request for admissions was deficient, we find it noteworthy that they did not file a motion to compel within 20 days of receipt of such insufficient responses as is required by Local Rule 104(8)(a)
 
 
 [9]
 In Wilson v. Volkswagen of Am., Inc., the district court had issued two orders compelling discovery and extended the discovery deadline, yet plaintiffs still had only received incomplete responses to their interrogatories and requests for documents. 561 F.2d at 499-500. We held this evidence insufficient to establish a pattern of misconduct warranting the harsh sanction of dismissal. 561 F.2d at 503-10
 
 
 [10]
 In accord is the recently decided case of Hathcock v. Navistar, etc., No. 94-1021(L) (4th Cir., May 4, 1995)